# FALLOS Y SENTENCIAS

## DEL

# TRIBUNAL SUPREMO DE PUERTO RICO.

(Pleito No. 1.—Fallado el 25 de Septiembre de 1899.)

## PÉREZ contra CORTADA.

RECURSO contra sentencia dictada por la Audiencia Territorial de Puerto Rico.

1.—INTERESES: que según el artículo 1,100 del Código Civil en casos de mora en el cumplimiento de una obligación los intereses empiezan á devengar desde el día en que el verdadero acreedor hace la interpelación ya sea judicial ó extrajudicialmente, y en el caso presente el requerimiento hecho por la sucesión de Joaquín fué como si hubiese sido por un tercero y sin ningún efecto legal.

2.—UN EXPEDIENTE DE JURISDICCIÓN VOLUNTARIA promovido por un deudor, después de haberse vencido uno ó más plazos de una deuda, con objeto de determinar el verdadero acreedor, es procedente.

3.—TODO RECURSO deberá dirigirse contra la parte dispositiva de la sentencia (fallo) y no contra un fundamento de derecho (considerando).

4.—GARANTÍA DE INTERESES. El hecho de dar una garantía para responder de los intereses no implica pacto de pagarlos, á no ser que el deudor se constituya en mora, en cuyo caso se devengarían intereses del modo preceptuado en el artículo 1,100 del Código Civil.

En 1893 Cortada reconoció deber á Joaquín Pérez cierta cantidad, y se obligó á pagarle por terceras partes en tres años; pero antes de que se venciera el primer plazo Joaquín falleció. La sucesión de dicho Joaquín y su hermano Luis Pérez, convinieron en que entre Joaquín y Luis existía una sociedad constituída privadamente; y parte de la deuda de Cortada pertenecía á la sociedad y parte á Vicente Perez. Vencido el segundo plazo, Cortada, toda vez que Joaquín había muerto, promovió expediente de jurisdicción voluntaria para hacer la consignación de la deuda. Más tarde un tal Laguna en representación de la sucesión de Joaquín requirió á Cortada para que efectuara el pago, á lo que se negó dicho Cortada. La sucesión de Joaquín y Luis, habiendo convenido en que el referido crédito había de ser pagado á Luis,

parte para ser trasmitida á Vicente y parte para él, Cortada requirió ante el Tribunal de Distrito de Ponce á Luis para que se constituyese en el lugar determinado y recibiese el capital sin intereses, una vez decididos los gastos del expediente. Luis alegó que tenía derecho á percibir los intereses de demora de los plazos vencidos desde el día en que Laguna, á nombre de la sucesión de Joaquín, requirió del pago á Cortada. La Audiencia Territorial declaró que Luis no tenía derecho á percibir intereses y le condenó á pagar las costas. En apelación se *falló*:

## SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico á veinte y cinco de Septiembre de mil ochocientos noventa y nueve, en el juicio declarativo de mayor cuantía seguido en el Juzgado de 1ª Instancia del Distrito de Ponce y en la Audiencia Territorial de esta Isla, entre partes, de la una Don Ramón Cortada Quintana, propietario y vecino de aquella Ciudad, y de la otra Don Luis Pérez Valdivieso, también propietario vecino de Ponce, y por su fallecimiento su sucesión, sobre consignación de deuda y pago de intereses, cuyos autos penden ante Nos en recurso de casación por infracción de Ley interpuesto por dicha parte demandada, á la que ha representado el Procurador Don José Palacios bajo la dirección del Letrado Don Manuel F. Rossy, habiendo llevado la representación y defensa de Cortada el Procurador Don José Manuel Rossy bajo la dirección del Letrado Don Hilario Cuevillas Hernández.—Resultando: Que por escritura pública otorgada en la ciudad de Ponce á veinte y tres de Marzo de mil ochocientos noventa y tres, Don Ramón Cortada Quintana reconoció deber á varios acreedores la suma de cincuenta y ocho mil doscientos treinta y nueve pesos treinta y nueve centavos, figurando entre aquellos acreedores Don Joaquín Pérez Valdivieso y Hurtado á cuyo favor reconoció Cortada un crédito por valor de quince mil doscientos quince pesos doce centavos, que se obligó á pagarle por terceras partes en tres años, sin interés alguno, ó sean cinco mil setenta y un pesos setenta centavos y dos tercios en veinte y tres de Marzo de cada uno de los años siguientes de mil ochocientos noventa y cuatro, noventa y cinco y noventa y seis, y para garantir el pago de la total suma

adeudada hipotecó la estancia denominada "Raíces," de su propiedad, situada en el barrio de su nombre, del término municipal de Ponce, ampliando la hipoteca á cinco mil pesos más para responder de intereses en caso de demora, y á otros cinco mil pesos para costas y gastos judiciales en caso de litigio, con cargo al deudor de los gastos de escritura, copia, papel, impuesto y demás que se originen, hasta su inscripción en el Registro de la Propiedad inclusive, y también de los que se causaran en su día por la cancelación ó cancelaciones de la hipoteca, habiéndose inscrito dicha escritura en el Registro de la Propiedad de Ponce, á diez y ocho de Abril siguiente.—Resultando.: Que Don Joaquín Pérez Valdivieso falleció en Barcelona de España en veinte y ocho de Febrero de mil ochocientos noventa y cuatro y por escritura otorgada en la propia ciudad á trece de Septiembre del mismo año por la viuda de aquél Doña Monserrate Moreno y González, en nombre y en su calidad de madre y legal administradora de los bienes de sus hijos menores de edad, y por Don Luis Pérez Valdivieso y Hurtado, convinieron ambos en que entre Don Luis y su hermano Don Joaquín existía una sociedad constituida privadamente en Ponce, desde el veinte y seis de Febrero de mil ochocientos sesenta y siete, habiéndose fijado en dicha escritura el activo y pasivo de la sociedad, en cuyo activo figura la cantidad de cuatro mil trescientos setenta y dos pesos cuarenta y siete centavos del crédito hipotecario de Cortada, á pagar esa suma por partes iguales de mil cuatrocientos cincuenta y siete pesos cuarenta y nueve centavos en veinte y cuatro de Marzo de los años mil ochocientos noventa y cuatro, noventa y cinco, y noventa y seis, habiendo declarado también la viuda que el crédito hipotecario de diez mil ochocientos cuarenta y dos pesos sesenta y tres centavos, sobre la estancia "Raíces" de Don Ramón Cortada, que aparecía á nombre de Don Joaquín, pertenecía exclusivamente á don Vicente Pérez Valdivieso y Hurtado, por constar así en nota escrita de puño y letra de Don

Joaquín, sin que tal escritura fuera inscrita en el Registro de la Propiedad de Ponce.—Resultando: Que vencidos los dos primeros plazos de la obligación hipotecaria de veinte y tres de Marzo de mil ochocientos noventa y tres, Don Ramón Cortada en escrito presentado al Juzgado de Ponce en nueve de Abril de mil ochocientos noventa y cinco, promovió expediente de jurisdicción voluntaria para hacer la consignación judicial de los diez mil ciento cuarenta y tres pesos, cuarenta centavos á que aquéllos ascendían, y como esa consignación debía anunciarse previamente á la sucesión del difunto acreedor Don Joaquín Pérez Valdiviezo, de acuerdo con lo dispuesto en el artículo 1,177 del Código Civil, solicitó y obtuvo se librara exhorto á la Autoridad judicial correspondiente de Barcelona, á fin de que la viuda allí residente manifestara si su difunto esposo había otorgado testamento, y en caso afirmativo entregara copia del mismo, ó designara el protocolo en que se encontraba, al efecto de unir su testimonio; para que expresara si se habían practicado las diligencias de la testamentaría, y de ser así exhibiera copia fehaciente de la partición y adjudicación del caudal, como también del auto aprobatorio, ó designara la escribanía en que radicaban las diligencias, que debían ser testimoniadas; y para que en caso de que Don Joaquín Valdivieso hubiese muerto sin testar, dijera si se había prevenido el abintestato, nombrándose administrador del mismo, si se había hecho la declaratoria de herederos, y si se habían practicado las diligencias de partición y adjudicación, exhibiendo en su caso el testimonio con que lo acreditara ó designando el archivo ú oficina en que se encontraban, á fin de que fueran testimoniadas con el auto aprobatorio de las mismas, pues todo ello era necesario para venir en conocimiento exacto de la persona ó personas que legítimamente representaran los derechos del finado Valdivieso y verificar formalmente el anuncio de la consignación.—Resultando: Que antes de ser diligenciado el anterior exhorto, con fecha veinte y siete de Abril citado, Don Ramón Cortada, á

instancia de Don Temístocles Laguna, en concepto de apode-
rado de la viuda y menores hijos de Don Joaquín Pérez
Valdivieso, fué requerido por ante Notario para que efectuara
el pago de los dos plazos vencidos del supradicho crédito
hipotecario, con los intereses de la demora y los gastos
á que estaba obligado, otorgándosele en cambio la correspon-
diente escritura de cancelación de hipoteca, á lo que contestó
Cortada que no le era posible entregar á Laguna la cantidad
que le reclamaba, porque ya tenía promovidas diligencias
judiciales para efectuar su consignación en la forma prevenida
por la Ley, y porque no acreditándose la persona ó personas
á quienes hubiera sido adjudicado el crédito en las dili-
gencias de liquidación y división del·caudal relicto al
fallecimiento de Valdivieso, el poder de que hacía uso
Laguna no le impartía facultad bastante para otorgar eficaz
carta de pago, en cuya virtud pudiera cancelarse parcial-
mente en el Registro de la Propiedad la hipoteca con
que estaba garantizada la obligación : habiendo presentado
Laguna para practicar el requerimiento, testimonio del
poder de .que hacía uso, otorgado en Barcelona á veinte
y cuatro de Diciembre de mil ochocientos noventa y cuatro,
y que le fué conferido por la viuda Doña Monserrate Moreno
y González, en nombre propio y como madre y legal admi-
nistradora de sus hijos menores de edad, entre otras cosas,
para intervenir en todas las operaciones que fueran necesarias
referentes á la testamentaría de Don Joaquín Pérez Val-
divieso, para cobrar todas las cantidades que se adeudaran á
dicha testamentaría, firmando recibos, cartas de pago, cance-
laciones de hipotecas y demás resguardos oportunos, para
pagar las cantidades que se debieran, para ceder y adjudicar
bienes, valores y demás de la propia testamentaría, para
liquidar toda clase de sociedades y compañías, y para llevar
á cumplimiento el convenio privado con Don Luis Pérez
Valdivieso, de trece de Septiembre del propio año de mil ocho-
cientos noventa y cuatro, practicando para ellos todos los actos
y gestiones necesarias, como también presentó testimonio del

auto del Juzgado de Ponce de siete de Marzo de mil ochocientos noventa y cinco, que autorizaba á Doña Monserrate Moreno y González, en concepto de viuda de Don Joaquín Pérez Valdivieso y como madre y legítima representante de sus menores hijos, en expediente al efecto promovido por su apoderado Don Temístocles Laguna, para percibir de Don Ramón Cortada la suma de cinco mil setenta y un pesos setenta y dos tercios centavos, vencidos en veinte y tres de Marzo de mil ochocientos noventa y cuatro, y los plazos que vencieran en igual fecha del noventa y cinco y del año siguiente, cuyas cantidades deberían figurar en el inventario que en el juicio correspondiente ó privadamente se practicara de los bienes del finado Don Joaquín Pérez Valdivieso, quedando autorizada la viuda, para cancelar la hipoteca parcialmente á medida que fuera recibiendo los plazos, y en su totalidad el día que recibiera el último, justificando además Laguna el fallecimiento de Joaquín Pérez Valdivieso, ocurrido en Barcelona el día último de Febrero de mil ochocientos noventa y cuatro, la institución de herederos que Pérez Valdivieso hizo en testamento otorgado en Ponce el siete de Abril de mil ochocientos noventa y tres, á favor de sus cuatro hijos impúberes Joaquín Anastasio, Pedro Vicente, Elena Monserrate y Antonia Úrsula, y la existencia del crédito hipotecario á favor del mismo Pérez Valdivieso.—Resultando: Que después del requerimiento hecho á Cortada, se recibió en Ponce exhorto librado á Barcelona en el expediente sobre consignación de los dos plazos vencidos del crédito hipotecario, de cuyo exhorto aparece que requerida Doña Monserrate Moreno en once de Junio de mil ochocientos noventa y cinco, en los términos solicitados, manifestó que su difunto esposo otorgó testamento ante el Notario de Ponce Don Rafael León, con fecha siete de Abril de mil ochocientos noventa y tres, no pudiendo exhibir copia del mismo por no tenerla en su poder, y que en una de las Escribanías de la ciudad se estaban tramitando las diligencias de la testamentaría para las particiones y adjudicaciones del

caudal, sin que pueda precisar la Escribanía y sin que tuviera en su poder antecedente alguno, ni supiera el estado de dichas diligencias; y habiendo solicitado nuevamente Cortada en escrito de quince de Mayo de mil ochocientos noventa y seis, cuando también el tercer plazo del crédito había vencido, que en atención á encontrarse en Ponce Doña Monserrate Moreno se la requiriese nuevamente para que manifestara si estaban ultimadas ya las diligencias de la testamentaría de su esposo; y á qué persona ó personas habían sido abjudicados los plazos de dicho crédito é indicara en qué archivo ú oficina radicaban aquéllas, ó las pusiera de manifiesto con objeto de verificar inmediatamente el anuncio de la consignación, requerida la expresada señora en veinte de Mayo citado, expuso que en escritura de diez y nueve de Febrero de aquel año se hizo constar la disolución de la sociedad, que tuvo su finado esposo con su hermano Don Luis, y á éste se adjudicó del crédito hipotecario adeudado por Cortada la suma de cuatro mil trescientos setenta y dos pesos cuarenta y siete centavos, en parcial pago de su haber en la sociedad, y el resto de diez mil ochocientos cuarenta y dos pesos sesenta y cinco centavos, con obligación de trasmitirlo á Don Vicente Pérez Valdivieso ó á sus legítimos causahabientes ó sucesores, en vista de lo cual, á virtud de providencia recaída á nuevos escritos presentados por Cortada, fué requerido Don Luis Pérez Valdivieso para que expresara si realmente le había sido adjudicado el crédito de Cortada en la forma que indicaba Doña Monserrate Moreno, y si tenía responsabilidad bastante para percibir su importe, contestando que era el dueño del mismo y no tenía inconveniente en recibir su importe, siempre que el pago se verificase íntegramente y con los intereses toda vez que Cortada fué requerido de pago por Don Temístocles Laguna, en representación de la viuda Doña Monserrate Moreno, con poder y responsabilidad bastante para recibir los plazos vencidos, y no pagó por razones que le eran desconocidas, contestación que dió lugar á que Cortada pre-

sentara otro escrito tendente á demostrar que no había incurrido en demora, con súplica de que se requiriera al Don Luis para que, constituyéndose en la Notaría de Don Rafael León en el día y hora que el Juzgado señalara, recibiera la cantidad de quince mil doscientos quince pesos doce centavos, importe del crédito, sin intereses, deducido el gasto hecho en el expediente, á cuya pretensión se proveyó de conformidad, sin que el pago se verificara por haberse negado á ello Valdivieso y haber solicitado que por su oposición y ser por tanto contencioso el expediente, se sobreseyera en el mismo, como así se hizo por auto de diez de Agosto de mil ochocientos noventa y seis, no obstante lo cual pretendió Cortada se efectuara la consignación en Arcas Reales de la suma adeudada, previo anuncio de ella, á Valdivieso, declarando el Juzgado por providencia de veinte y cinco de Agosto no haber lugar á proveer y que se estuviera á lo mandado.—Resultando: Que por escritura de diez y nueve de Febrero de mil ochocientos noventa y seis, en la que intervinieron Don Luis Pérez Valdivieso y Hurtado y la viuda Doña Monserrate Moreno y González, por derecho propio y en representación de sus menores hijos habidos en su matrimonio con Don Joaquín, se procedió á la liquidación de la sociedad puramente civil, que desde veinte y seis de Febrero de mil ochocientos sesenta y siete, sin documento de ninguna especie, existía entre Don Joaquín y Don Luis Pérez Valdivieso y Hurtado, dedicada especialmente á la adquisición de fincas urbanas y algunos créditos hipotecarios y quirografarios, con pacto de que todo lo que adquiriera para la sociedad fuera documentado bajo el solo nombre de Don Joaquín, quien llevaría la representación de la misma, habiéndose comprendido en el inventario, como perteneciente á la sociedad, la suma de cuatro mil trescientos setenta y dos pesos cuarenta y siete centavos del crédito que Cortada había reconocido á favor de Don Joaquín Pérez Valdivieso, por escritura de veinte y tres de Marzo de mil ochocientos noventa y tres, cuya cantidad con sus intereses había de

cobrarse á razón de mil cuatrocientos cincuenta y siete pesos cuarenta y nueve centavos, en cada plazo vencido y por vencer, en los meses de Marzo de mil ochocientos noventa y cuatro, noventa y cinco y noventa y seis, adjudicándose á Don Luis Pérez Valdivieso en la propia forma, esa parte del crédito de Cortada, é incluyéndose en el haber del propio Don Luis la suma de diez mil ochocientos cuarenta y dos pesos sesenta y cinco centavos, resto de dicho crédito, con obligación de trasmitirlo Don Luis á Don Vicente Pérez Valdivieso y Hurtado, ó á sus legítimos causahabientes ó sucesores, cobrable esa suma á razón de tres mil seiscientos catorce pesos veinte y un centavos y dos tercios, en los meses de Marzo de mil ochocientos noventa y cuatro, noventa y cinco y noventa y seis, según lo estipulado en la escritura de veinte y tres de Marzo de mil ochocientos noventa y tres.— Resultando: Que en tres de Septiembre siguiente produjo demanda ante el Juzgado de Ponce Don Ramón Cortada contra Don Luis Pérez Valdivieso, solicitando se condenara á éste á recibir en pago del crédito hipotecario que constaba en la escritura de veinte y tres de Marzo de mil ochocientos noventa y tres, si resultara ser exclusivamente dueño del mismo, los quince mil doscientos quince pesos, doce centavos, á que ascendía la deuda, sin interés, y á abonar á Cortada los gastos que se le habían originado en el expediente sobre consignación, con la obligación de otorgar Valdivieso á su favor escritura de pago del capital recibido y de cancelar la hipoteca que en su garantía pesaba sobre la finca "Raíces", condenándole además al pago de las costas; á cuyo fin alegó como hechos el contenido de la escritura de veinte y tres de Marzo de mil ochocientos noventa y tres, en la que no se pactaron intereses, la promoción del expediente para consignar el importe de los dos plazos vencidos, lo que revelaba su deseo de pagar, la ineficacia legal del requerimiento hecho por Don Temístocles Laguna, por falta de poder de todos los partícipes en la herencia de Don Joaquín Pérez Valdivieso, sin que pudiera impartirle la representación de que

carecía la autorización otorgada por el Juzgado de Ponce, para el cobro del crédito de cancelación de la hipoteca, porque esa autorización partía del supuesto equivocado de ser dueña exclusiva de dicho crédito Doña Monserrate Moreno, por propio derecho y como representante de sus hijos menores, y, por último, el hecho de haberse adjudicado el crédito á Don Luis y á Don Vicente Pérez Valdivieso, en la escritura de disolución de sociedad de diez y nueve de Febrero de mil ochocientos noventa y seis, que había venido á justificar su acertada previsión al negarse á acceder al requerimiento hecho por Laguna, é invocó, como fundamentos de derecho, los artículos 1,068, 1,100, 1,108, 1,158, 1,162, 1,176, 1,177 y 1,179 del Código Civil; las sentencias del Tribunal de Justicia de España de nueve de Enero de mil ochocientos sesenta y seis y diez y siete de Diciembre de mil ochocientos setenta y tres, y los artículos 82 de la Ley Hipotecaria y 148 de su Reglamento; habiendo además pedido Cortada por otrosí de la demanda, se consignaran en las Arcas de la Administración Local de Rentas de Ponce, los quince mil doscientos quince pesos doce centavos, como así se verificó en cuatro de Septiembre citado.—Resultando: Que Don Luis Pérez Valdivieso al contestar la demanda, acompañó copia de la escritura de reconocimiento del crédito de veinte y tres de Marzo de mil ochocientos noventa y tres, copia igualmente de la escritura de disolución de sociedad de diez y nueve de Febrero de mil ochocientos noventa y seis, y testimonio de la escritura de requerimiento á Cortada por Don Temístocles Laguna; y formulando á la vez reconvención contra Cortada para el pago de los intereses del crédito, solicitó se declarase sin lugar la demanda, absolviéndole de ella y condenando por reconvención á Cortada á pagar intereses de demora de los plazos vencidos y no satisfechos, desde el día siguiente al del cumplimiento de la obligación, al respecto de seis por ciento anual, á pagar también los gastos de cancelación y oposición al expediente de jurisdicción voluntaria que dedujo y en todas las costas del

pleito, verificado lo cual se le otorgaría escritura de cancelación; á cuyo fin expuso como hechos fundamentales de la contestación los consignados en la escritura hipotecaria de veinte y tres de Marzo de mil ochocientos noventa y tres, en la que se amplió la hipoteca á cinco mil pesos más para responder de intereses en caso de demora, y á otros cinco mil pesos para costas y gastos judiciales en caso de litigio; el requerimiento hecho á Cortada por Don Temístocles Laguna para el pago de los dos primeros plazos del crédito, investido con poder bastante y autorización judicial al efecto; y por último, el contenido de la escritura de disolución de la sociedad de los hermanos Don Joaquín y Don Luis Pérez Valdivieso, en que se le adjudicó el crédito cuyos intereses reclama; y recomendó como fundamentos de derecho los artículos 154, 155, 159, 661, 1,100, 1,157, 1,162, 1,254, 1,255, 1,257, 1,857 y 1,876 del Código Civil, los 9, 82 y 105 de la Ley Hipotecaria y los 25 y 63 de su Reglamento. Resultando: Que en los escritos de réplica, reprodujeron las partes sus respectivas pretensiones, oponiéndose Cortada á la reconvención y adicionando los hechos de la demanda con el que arrojaba la escritura de disolución de sociedad presentada por Don Luis Valdivieso, de la que se desprendía que el crédito de que se trata no pertenecía á la testamentaría de Don Joaquín Pérez Valdivieso, sino parte de él, ó sean cuatro mil trescientos setenta y dos pesos cuarenta y siete centavos, y el resto á Don Vicente Pérez Valdivieso, como así lo reconocía Don Luis en la escritura de convenio otorgada en Barcelona á trece de Septiembre de mil ochocientos noventa y cuatro, para liquidar dicha sociedad, la que fué declarada por Don Joaquín Pérez, en su testamento, remitiendo á sus libros y papeles la determinación de los bienes de la misma. —Resultando: Que recibido el pleito á prueba, se practicaron las propruestas, entre otras, cuyo mérito principal ya se deja consignado, la de traerse á los autos á instancia de la parte demandante, testimonio de las operaciones divisorias del caudal hereditario de Don Joaquín Pérez Valdivieso, á

las que sirvió de base la escritura de disolución y liquidación de la sociedad que tenían Don Joaquín y su hermano Don Luis, declarada por aquél en su testamento, no figurando por tanto en el haber hereditario el crédito de Cortada.—Resultando: Que corridos los restantes trámites de dos instancias, la Audiencia Territorial en nueve de Agosto del año próximo pasado dictó sentencia revocatoria de la del Juzgado, por la que declaró con lugar la demanda, condenando á Don Luis Pérez Valdivieso á recibir en pago del crédito hipotecario los quince mil doscientos quince pesos doce centavos del crédito, sin intereses, y abonar al actor los gastos verificados para ofrecer y consignar la cantidad adeudada, con obligación de otorgar á Cortada escritura de recibo de dicha cantidad y cancelar la hipoteca constituída sobre la finca "Raíces", y en su consecuencia declarando ineficaz y de ningún valor el requerimiento hecho á Cortada por Don Temístocles Laguna, para el pago de los primeros plazos de la deuda, declaró también, sin lugar la reconvención formulada por Don Luis Pérez Valdivieso, en cuanto á los intereses de demora reclamados y gastos de oposición al expediente de jurisdicción voluntaria promovido por Cortada, absolviendo á éste de la reconvención, con excepción de los gastos de la cancelación de la hipoteca convenidos en la escritura, pues en esa parte se estima con lugar la reconvención, condenando al deudor al pago de lo que se verifiquen al cancelarse la hipoteca, sin especial condenación de costas en ninguna de las instancias.—Resultando: Que la sucesión de Don Joaquín Pérez Valdivieso, ha interpuesto recurso de casación por infracción de Ley, diciendo fundarlo en los números 1? y 7? del artículo 1,690 de la Ley de Enjuiciamiento Civil, y alegando como motivos los siguientes:—Primero. Que las obligaciones que nacen de los contratos tienen fuerza de Ley entre las partes contratantes y deben cumplirse al tenor de los mismos, artículo 1,091 del Código Civil; y como las partes contratan para sí y para sus herederos, artículo 1,257 del mismo Código, es consiguiente ·que si Don Ramón Corta-

da se obligó por escritura de veinte y tres de Marzo de mil ochocientos noventa y tres á pagar á Don Joaquín Pérez Valdivieso quince mil doscientos quince pesos doce centavos, sin intereses, por terceras partes, en igual mes de los tres años siguientes, habiendo muerto Valdivieso en Barcelona en Febrero del noventa y cuatro y dejado una viuda y unos hijos menores de edad, á éstos que constituían la legitima sucesión de Valdivieso, artículo 659 y 661 del propio Código, debió pagar Cortada los plazos de la deuda, según fueran venciendo; pero lejos de hacerlo así, vencidos los dos primeros plazos en Abril del noventa y cinco, para seguir utilizando en beneficio propio diez mil ciento cuarenta y tres pesos que aquéllos montaban, y porque sabía que la sucesión daba pasos para cobrarla, promovió diligencias voluntarias de ofrecimiento de pago, artículo 1,177 de igual Código, dirigiéndose sólo á la viuda de Valdivieso que estaba entonces en Barcelona, y prescindiendo del hermano Don Luis, que estaba en Ponce y con quien sabía Cortada que el muerto tenía una sociedad civil, diligencias que fueron sobreseídas, por la oposición de Don Luis, á quien después se acordó Cortada de hacerle el ofrecimiento de pago.—Segundo. Que las obligaciones se extinguen por el pago ó cumplimiento de lo convenido, artículo 1,156 del Código Civil; que el pago debe hacerse á la persona en cuyo favor estuviese constituída la obligación, ó á otra autorizada para recibirla en su nombre, artículo 1,162; y que el pago hecho de buena fe al que estuviere en posesión del crédito, liberará al deudor, artículo 1,164: siendo por tanto visto que si Cortada hubiera pensado y deseado pagar, en vez de promover diligencias para averiguar lo que él ya sabía muy bien, ó sea, quienes eran dueños del crédito, habría pagado á la sucesión de Don Joaquín Pérez Valdivieso, compuesta de la viuda é hijos menores de edad, que era la continuación legal de la personalidad del difunto y heredera legítima de todos sus derechos y obligaciones; pero no quería pagar, y prueba de ello era que pocos días después de iniciadas las diligencias de ofrecimiento de pago, en

veinte y siete de Abril del noventa y cinco, por acta notarial le requirió al pago Don Temístocles Laguna, como mandatario de la viuda é hijos de Don Joaquín Pérez Valdivieso, estando además autorizada la viuda judicialmente por auto de siete de Marzo del mismo año para recibir de Cortada los plazos vencidos y por vencer de su crédito, como también para cancelar parcial y totalmente la hipoteca, y entonces respondió Cortada que no pagaba, porque ni la viuda ni Laguna tenían personalidad para percibir el dinero y otorgar carta de pago, pues siendo varios los herederos no presentaban poder de todos ellos, olvidándose así de que siendo los hijos de Valdivieso menores de edad, su madre viuda, según el artículo 155 del Código, es la representante legal de los derechos y acciones de aquéllos, adquiridos por el solo hecho de la muerte del causante, artículo 661 del repetido Código.—Tercero.  Que en la ejecución del mandato ha de arreglarse el mandatario á las instrucciones del mandante, y á falta de ellas hará todo lo que según la naturaleza del negocio haría un buen padre de familia, según el artículo 1,719 del Código y según el 1,715 no se consideran traspasados los límites del mandato si fuese cumplido de una manera más ventajosa para el mandante que la señalada por éste, habiendo procedido por tanto derechamente Laguna al requerir á Cortada de pago por los dos primeros plazos de la obligación ya vencidos, pues aparte del poder que tenía para cobrar todas las cantidades que se debieran á la testamentaría de Don Joaquín Pérez Valdivieso, para expedir cartas de pago y cancelar hipotecas, había la autorización judicial de siete de Marzo del noventa y cinco para que la viuda percibiera de Cortada los plazos del crédito cancelando la hipoteca, y si la viuda no dió instrucciones á Laguna para cobrar dicho crédito, por tenerlo cedido á Don Luis Pérez Valdivieso, no le prohibió su cobro, y al cobrarlo procedió Laguna como un buen padre de familia, y hasta cumplió de manera más ventajosa para el mandante con su obligación de mandatario, porque Cortada debía pla-

zos vencidos del crédito y éste pertenecía á la sucesión de Don Joaquín Pérez Valdivieso, hasta que con arreglo á la Ley y mediante aprobación judicial, por tratarse de bienes de menores, hubiera pasado en adjudicación ó cesión á Don Luis Pérez Valdivieso, siendo por tanto errónea la apreciación de derecho que hace el Tribunal sentenciador en el 2º considerando al afirmar que Laguna practicó el requerimiento sin instrucciones de su mandante, á las que debió arreglarse como exige el artículo 1,719 del Código Civil.— Cuarto. Que también se cometió otro error de derecho en el 3ᵉʳ considerando de la sentencia recurrida, al expresarse que cuando Laguna hizo el requerimiento á Cortada, no era la sucesión Valdivieso dueña legítima del crédito, porque la viuda lo había cedido á Don Luis Pérez Valdivieso por escritura hecha en Barcelona el trece de Septiembre del noventa y cuatro, siendo el requerimiento ineficaz por no haber sido hecho en nombre del verdadero acreedor; y para comprobar ese error, cita la parte recurrente el artículo 661 del Código Civil, según el cual los herederos suceden al difunto por el solo hecho de su muerte en todos sus derechos y obligaciones; el artículo 1,068, según el cual la partición legalmente hecha confiere á cada heredero la propiedad exclusiva de los bienes que le hayan sido adjudicados; la Real Orden de 20 de Abril del sesenta y cinco y resolución de la Dirección General de los Registros de la Propiedad, de treinta y uno de Octubre del noventa y dos, que establecen que mientras permanezcan los bienes proindivisos, pueden los herederos otorgar válidamente escritura de cancelación de hipoteca constituída á favor de su causante y debe cancelarla el Registro de la Propiedad; el artículo 1,219 del Código, según el cual, las escrituras hechas para desvirtuar otra escritura anterior, entre los mismos interesados, sólo producirán efecto contra terceros cuando hubiesen sido anotadas en el Registro competente ó al margen de la escritura matriz; y por último, la resolución de la Dirección General expresada, de treinta de Agosto del noventa y dos, que dice

que la disolución de una sociedad que no tiene el carácter de mercantil, da por resultado la extinción de la persona jurídica, quedando los bienes de ella como una propiedad proindivisa ó comunidad; deduciendo la parte de esas citas legales, que hasta la fecha en que se aprobó judicialmente la divisoria testamentaria de los bienes de Don Joaquín Pérez .Valdivieso, la sucesión de éste era la única y legítima dueña del crédito sin que antes tuviera validez legal la cesión ó traspaso hecho en Barcelona, aparte de que la cesión no impedía que pudiera cobrarse, pues cobrado se entregaría su importe, y de cobrarlo, se entregaría el crédito. — Quinto. Que igualmente se cometió error de derecho en la sentencia al afirmar que Cortada no incurrió en mora, pues según el artículo 1,100 del Código Civil, incurre en ella el obligado á entregar alguna cosa desde que el acreedor se la pide judicial ó extrajudicialmente, y no hace falta pedirla cuando de la naturaleza y circunstancias de la obligación resulte que la designación de la época en que había de entregarse la cosa, fué motivo determinante para establecer la obligación, preceptuando el artículo 1,108 que la mora cuando se trate de dinero consistirá en pago de intereses, ante cuyos preceptos es claro que siendo la sucesión Valdivieso, dueña legítima del crédito, á ella sólo debió Cortada pagar los plazos en la fecha en que vencían, sin necesidad de requerimiento, por exigirlo así la naturaleza y condiciones del crédito hipotecario, y así lo dió á comprender el mismo deudor al ampliar la hipoteca á cinco mil pesos más para intereses, en caso de mora; pero si alguna duda pudiera haber, cesa desde el momento en que Laguna con plenos poderes, hizo el requerimiento de veinte y siete de Abril del noventa y cinco respecto de los dos primeros plazos, existiendo también la mora en cuanto al tercero, porque hasta el once de Mayo del noventa y seis no se aprobó judicialmente la testamentaría de Don Joaquín Pérez Valdivieso.—Sexto. Que el artículo 1,179 del Código Civil establece que los gastos de la consignación, cuando

fuere procedente, serán de cuenta del acreedor y siendo improcedente, de cuenta del deudor, debiendo por tanto Cortada pagar esos gastos, pues promovió las diligencias de ofrecimiento de pago para ganar tiempo y no pagar, dirigiéndose primero á la viuda para que le dijera quien era el dueño del crédito, y negándose después á pagar cuando fué requerido por Laguna sin pagar á nadie ni consignar el dinero en el juzgado. Visto; siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que para la apreciación legal de los fundamentos del recurso sometido á la resolución del Tribunal, debe atenderse no sólo al título originario del crédito de que se trata, que lo fué la escritura otorgada por don Ramón Cortada en veinte y tres de Marzo de mil ochocientos noventa y tres, reconociendo deber, entre otros, á Don Joaquín Pérez Valdivieso la suma de quince mil doscientos quince pesos doce centavos, sino también el título de adquisición de dicho crédito por Don Luis Pérez Valdivieso, que lo fué la escritura de disolución de sociedad que ambos hermanos habían constituído privadamente, otorgada en nueve de Febrero de mil ochocientos noventa y seis, pues del examen comparativo de uno y otro documento ante los preceptos legales que se suponen infringidos en la sentencia, se desprenderá si han sido lesionados ó no los derechos del recurrente en la forma propuesta. — Considerando: Que en la escritura de veinte y tres de Marzo de mil ochocientos noventa y tres Don Ramón Cortada se obligó á pagar á Don Joaquín Pérez Valdivieso la suma de quince mil doscientos quince pesos doce centavos en tres años y por terceras partes iguales, sin intereses, y que de la naturaleza y circunstancias de la obligación no resulta que la designación de la fecha en que habían de satisfacerse los plazos fuese motivo determinante para establecer tal obligación, como tampoco puede afirmarse que el hecho de ampliarse la hipoteca á cinco mil pesos más, para responder de intereses en caso de demora, implique pacto de pagarlos desde la fecha del vencimiento de los respectivos plazos, pues·

esas palabras no pueden tener más alcance que el literal y
legal, ó sea el de garantir con hipoteca los intereses en el
caso de que el deudor con arreglo á derecho se constituyera
en mora, por todo lo cual ha tenido aplicación debida el ar-
tículo 1,100 del Código Civil, que limita los efectos de la mo-
rosidad en el cumplimiento de las obligaciones, fuera de los
casos exceptuados, á la época en que el acreedor interpela
judicial ó extrajudicialmente al deudor.—Considerando:
Que según la escritura mencionada de nueve de Febrero de
mil ochocientos noventa y seis, traslativa del crédito á favor
de Don Luis Pérez Valdivieso, éste no lo adquirió de la viuda
é hijos de su hermano Don Joaquín, sino de la sociedad que
ambos tenían constituída, á la que realmente pertenecía,
habiéndolo adquirido por tanto con las mismas condiciones
de pago con que lo poseyó aquella sociedad, la que ni
judicial ni extrajudicialmente interpeló al deudor que veri-
ficara dicho pago.—Considerando: Que si bien en veinte y
siete de Abril de mil ochocientos noventa y cinco Don
Ramón Cortada fué requerido por Don Temístocles Laguna,
como apoderado de la sucesión de Don Joaquín Pérez Valdi-
vieso, al pago de los dos primeros plazos vencidos del crédito
hipotecario, ese requerimiento es ineficaz para el cobro
de los intereses que reclama Don Luis Pérez Valdivieso,
pues por escritura anterior de trece de Septiembre de mil
ochocientos noventa y cuatro había convenido con la viuda
de Don Joaquín Pérez Valdivieso por derecho propio y
en representación de sus menores hijos, no pudiendo por
tanto reputarse tercero aquél, en que el crédito hipotecario
de Cortada hasta la cantidad de cuatro mil trescientos setenta
y dos pesos cuarenta y siete centavos, correspondía á la
sociedad que desde el año mil ochocientos sesenta y siete
habían constituído los hermanos Don Joaquín y Don Luis,
declarando también la viuda que el resto de diez mil ocho-
cientos cuarenta y dos pesos sesenta y tres centavos perte-
necía exclusivamente á Don Vicente Pérez Valdivieso, y en
la escritura de disolución de dicha sociedad otorgada por las

mismas partes en diez y nueve de Febrero de mil ochocientos noventa y seis, se hizo constar lo propio, adjudicándose á Don Luis Pérez Valdivieso la parte del crédito de la sociedad y también la de Don Vicente Pérez Valdivieso, con obligación de trasmitirla á éste ó á sus legítimos causahabientes ó sucesores, siendo por tanto incuestionable que ni la viuda ni los hijos de Don Joaquín eran dueños del crédito, ni pertenecía éste á la testamentaría, y consiguientemente que el requerimiento no fué hecho por el verdadero acreedor, ni el deudor incurrió en mora respecto de los dos primeros plazos, sucediendo lo propio en cuanto al tercero, por no haber habido requerimiento de clase alguna.—Considerando en virtud de cuanto se acaba de exponer que el expediente de consignación promovido por Cortada fué procedente, y que la Sala sentenciadora no ha infringido los preceptos legales atinentes al caso, que invoca en los motivos de casación primero, segundo, cuarto, quinto y sexto la parte recurrente; y que por lo que atañe á los consignados en el motivo tercero, la circunstancia de dirigirse especial y concretamente á impugnar un considerando de la sentencia basta por sí sola para que no deba estimarse, pues el recurso de casación sólo se da contra la parte dispositiva y no contra los considerandos ó fundamentos del fallo:—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de Ley, interpuesto por la sucesión de Don Luis Pérez Valdivieso, á la que condenamos en las costas; y líbrese al Tribunal de este Distrito la certificación correspondiente, con devolución del apuntamiento y de los autos últimamente remitidos, en cumplimiento de auto para mejor preveer.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José María Figueras.—Luis de Ealo y Domínguez.—Angel Acosta.—Juan Hernández López.

Publicación.—Dada y pronunciada fué la anterior sen-

tencia por los señores que la firman, y leída por el Sr. Juez Asociado Don José C. Hernández, Ponente en este recurso, celebrando audiencia pública el Tribunal, de que certifico como Secretario, en Puerto Rico á veinte y cinco de Septiembre de mil ochocientos noventa y nueve.—E. de J. López Gaztambide.